

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 28, 1939

Honorable E. C. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Mr. Garvey:

> Opinion No. O-681
> Re: What claims, if any, arising
> against the sheriff or claimed
> to be against him on account
> of the administration of his
> office, would authorize the
> County Auditor to refuse to
> approve his salary warrants

Your letter of April 8, 1939, addressed to the Attorney General, in which you requested an opinion upon certain indicated matters, has been received and carefully considered. You attached to your letter a communication from the Sheriff of Bexar County, addressed to you, which you request to be considered in connection with your letter.

The Sheriff's letter is too lengthy to be quoted and portions of it deal with theoretical questions and controversial issues of fact. However, we have given due consideration to his letter and from it and your letter, we have deduced the substance of the controversies between you and the sheriff. We quote your letter in full as follows:

> "The sheriff of Bexar County has requested that I write you for an opinion covering a certain matter. Since his request seems to explain the matter very thoroughly I am enclosing herewith copy of his request.

> "In compliance with his request, I am asking an opinion from you covering the following questions:

> "1st. Are the types of claims mentioned in his

request under (a), (b), (c), and (d), such types of claim that would come under Article 3912e, Section 19, Paragraph m, that would make it mandatory for me to refuse to countersign his salary check drawn against the Officers Salary Fund?

"2nd. If only a part of these claims are types of claims that would come under Article 3912e, Section 19, Paragraph m, state whether they are claims that would come under (a), (b), (c), or (d), of the Sheriff's request.

"3rd. If any or all of the claims above mentioned are not a type of claim coming under Article 3912e, Section 19, Paragraph m, are they claims or liability that would be held against the Sheriff or Constable under any other statute? If so, state the Article.

"4th. Since these are an accumulation of claims covering a period from Jan. 1, 1931, to December 31, 1938, against the Constable and Sheriff, which have been reported by me each year to the Criminal District Attorney, are any of these claims, whether under Article 3912e, Section 19, Paragraph m, or a claim coming under any other part of the Statutes, barred by limitation?"

In consideration of the questions propounded by you and of the proper answers to be made thereto by this department, we think that we should first direct your attention to the limitations placed upon the Attorney General by Article 4399, Revised Civil Statutes of 1925, wherein it is provided insofar as county auditors are concerned, that the Attorney General "shall give them written advice upon any question . . . touching their official duties." It is not proper that this department shall advise conclusively upon controversial matters of fact, or as to what testimony should be considered by a court in the trial of a cause, or as to what judgment should be rendered by a court in the trial of a cause, for to do so would be to invade the functions of the judiciary.

We shall, therefore, confine this opinion to the interpretation of the pertinent statutes bearing upon the substance of your letter so as to advise you with regard to



your official duties with respect to the matters discussed in this opinion. In connection with paragraph (m) of Article 3912e, we quote so much of this Article and Sections as are deemed pertinent:

> "(m)  All moneys drawn from said Officers' Salary Funds shall be paid out only on warrants approved by the county auditor.  No warrants shall be drawn on said fund in favor of any person indebted to the State, County, or to said fund or in favor of his agent or assignee until such debt is paid, when notice of such indebtedness has been filed with the county auditor..."

> "(n)  Each district, county and precinct offi-cer shall keep a correct detailed statement of all amounts earned by him and of sums coming into his hands as fees, costs, and commissions, in a book to be provided for him by the proper authorities of the county for that purpose in which the officer at the time when fees or moneys are earned or shall come into his hands shall enter the same in such form as may be lawfully required."

It is provided in paragraph (q) of Section 19 of the stated article of the statute, that a statement at the close of each fiscal year shall be made by each officer therein mentioned which shall be directed to the District Judge of the property county, and shall be submitted on forms designed and approved by the state auditor; that a copy of such statement shall be forwarded to the state audi-tor by the clerk of the district court within a given time and that one copy shall be filed with the county auditor. This section also provides in substance that the statement shall show the amount of the fees, commissions and compen-sations earned by the officer during the fiscal year and the amount of fees, commissions and compensations collected by him during such year and their disposal, and it shall con-tain an itemized statement of all fees, commissions and compensations during the fiscal year which were not collected, together with the style of the case, the name of the party owing such fees, commissions and compensations, and the nature of the security for costs, and the reason for non-collection.  The balance of this paragraph and section is here quoted verbatim, to-wit:

> "For failure to file said report said officer shall be subject to removal from office.  The county auditor shall audit such report and file his report

with the Commissioners' Court, and said county
auditor also shall prepare and file with the dis-
trict or criminal district attorney a detailed
report of all fees, commissions, and compensations
uncollected which have been due and payable to any
officer of the county for a period of more than six
(6) months; and a similar report of all fees, com-
missions and compensations collected by said offi-
cers and not reported by them and a list of cases
filed since January 1, 1936, in which any county or
district clerk or justice of the peace has not taken
adequate security for costs or required a pauper's
oath."

You are advised that the word "claim" and the word
"debt" are not necessarily synonymous, and that they are not
believed to be so used in these statutes. This is made evi-
dent by the provisions of Paragraph (q) above referred to and
quoted. It must be contemplated both from the language of the
statute and in reason that in the event of suit against the
sheriff, as provided for in such statute, he might establish
sufficient reasons, within the purview of the law, why fees
which had accrued in certain cases had not been collected,
or in other words, a valid defense to the suit.

The Legislature did not mean that the county auditor
should, merely because from his audit of the sheriff's account,
he is of the opinion that the sheriff had been derelict in
collecting fees or that he had made collections which he had
not accounted for, he, the auditor, should exercise the au-
thority of withholding the issuance of the sheriff's salary
warrants. To give the auditor such unlimited authority would
be to deprive the sheriff of his day in court and to impose
upon him a penalty without a judicial hearing.

The statute makes it the duty of the District Attorney
upon the conditions and for the reasons named therein to insti-
tute a suit to collect the fees for which the sheriff is thought
to be liable, with respect to any supposed default upon his
part, either to collect fees or for fees supposedly collected
and not accounted for. Until in such suit a judgment has been
rendered against the sheriff, the asserted and unliquidated
claims against him by reason of these matters do not have the
absolute status of a "debt" within the purview of the law.
Ordinarily, you will have discharged your full duty under the

law with respect to the sheriff's statement when you shall have audited the same and filed with the District Attorney the "report" prescribed in the last quoted section of the statute, supra.

It should further be borne in mind that the sheriff is required to execute an official bond in an amount and conditioned as required by law for the faithful performance of his official duties, and ordinarily such bond would be sufficient protection to the state and county for matters of omission and commission by the sheriff in the discharge of his duties required under the law. Only in cases where there are no suggested issues of fact involved, that is when the claim against an officer has acquired the status of a debt as herein defined, should the auditor assume the pre-rogative of withholding the officer's salary warrant. Furthermore, in addition to the other reasons assigned, there is a sound policy why that action should not be taken.

We cannot make this opinion more definite in view of the manner in which the questions are submitted to the Attorney General's Department.

This department declines to answer the fourth question contained in your letter for the very sufficient reason that whether or not the statutes of limitation may be successfully pleaded in any case is ordinarily a mixed question of law and fact, and it is always a matter for determination of the court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. F. Moore
First Assistant

WFM:BT

APPROVED:

ATTORNEY GENERAL OF TEXAS